UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    v.

ABDELKAREEM ABU ZAHRIEH,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-092-5 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 19, 2019, Abdelkareem Abu Zahrieh ("Defendant") pled guilty to Count One of a Superseding Indictment, charging him with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1349 and 1344. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Abdelkareem Abu Zahrieh is hereby sentenced to 10 months of imprisonment to be followed by 2 years of supervised release, restitution in the amount of $19,000.00 and a $100.00 mandatory special assessment.

## BACKGROUND

On August 19, 2019, Abdelkareem Abu Zahrieh ("Defendant") pled guilty to Count One of a Superseding Indictment, charging him with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1349 and 1344. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

1

the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Proceeding chronologically, the Court addresses first the history and characteristics of Defendant and then the nature and circumstances of the offense.

#### i. History and Characteristics of the Defendant

Defendant, now 28, was born on July 1, 1994, in Brooklyn, New York to the marital union of Adel Abu Zahrieh and Nelly Abu Zahrieh. PSR ¶ 33. Defendant's father is a truck driver and his mother is a homemaker. *Id.* They are both aware of the instant offense and remain supportive. *Id.*

Defendant has one brother and five sisters, all of whom are in good health, aware of the instant offense, and remain supportive. *Id.* ¶ 34. Defendant was raised under average economic

circumstances. *Id.* ¶ 35. He reported to the United States Probation Department during his presence interview that his basic needs were met consistently, and he reported no history of abuse of any kind, and no history of drug use or alcohol abuse in the familial home. *Id.* Defendant has never been married, has no children, and is not currently in a relationship. *Id.* ¶ 36.

Defendant graduated from Fort Hamilton High School, earning his high school diploma in June 2012. *Id.* ¶ 44. In 2018, he enrolled in diesel mechanic classes at Lincoln Technical School, in South Plainfield, New Jersey, but was unable to attend the classes due to the instant arrest and the travel restrictions associated with his bond release. *Id.* He remains interested in completing the courses when he is able. *Id.*

Defendant has been unemployed since May 2019 and is supported financially by his parents. *Id.* ¶ 46. He previously worked briefly as a clerk at Avis Rent-A-Car, as a delivery driver for a laundromat, as a window installer at a construction company, and as a car mechanic. *Id.* ¶¶ 47–51.

In 2017, Defendant was involved in a car accident, and suffered a fractured ankle as a result. *Id.* ¶ 41. After the accident, Defendant was prescribed Percocet, and he subsequently became addicted to the narcotic. *Id.* He abused the drug up until the instant arrest, obtaining it through illegitimate sources once his prescription expired. *Id.* Defendant also reported occasional marijuana use. *Id.* ¶ 42.

On January 28, 2020, at the time of the presentence interview, Defendant tested positive for oxycodone, and he was subsequently dishonest with Pretrial Services regarding the circumstances of his drug use. *Id.* As a result of this incident, Defendant's conditions of release were modified to home confinement and in November 2018, Defendant was referred by Pretrial

Services for outpatient drug treatment at Counseling Service of the Eastern District of New York. *Id.* ¶ 43.

      ii.    <u>Nature and Circumstances of the Offense</u>

The investigation into the instant offense was conducted by special agents with the Federal Bureau of Investigation. PSR ¶ 3. The investigation revealed the assorted criminal conduct of Ppassim Elder, which included bank fraud schemes, extortion schemes, and various acts of intimidation and violence. *Id.*

Defendant met Elder for the first time at a wedding in 2013 or 2014. *Id.* ¶ 4. At the wedding, Defendant asked several individuals (not including Elder) to loan him $500.00 to pay off a debt, but none agreed. *Id.* Sometime after the wedding in 2014, Elder contacted Defendant and invited him to Mist, a lounge Elder co-owned in Staten Island, New York. *Id.* Elder gave Defendant $500.00 in return for an unspecified "favor." *Id.* Days later, Elder called Defendant and stated that he needed him to open a bank account for one of his unspecified businesses. *Id.* Elder claimed that he had so many businesses that the banks would not let him open another account in his own name. *Id.*

Defendant opened a bank account for Elder at a TD Bank branch located on 5th Avenue in Brooklyn, New York, using his own social security number and other information, and he provided Elder a debit card associated with the account. *Id.* ¶ 5. Approximately three or four weeks later, Elder called Defendant and asked him to open another bank account, claiming that he had opened yet another business. *Id.* ¶ 6. Defendant opened a bank account for Elder at a Bank of America branch located on 86th Street in Brooklyn, New York. *Id.* He provided Elder the debit card for this account as well. *Id.*

Approximately two months later, Elder asked Defendant to open a third bank account for

4

him. *Id.* ¶ 7. Defendant opened a bank account for Elder at a Citibank branch located on 86th Street in Brooklyn, New York. *Id.* He provided Elder the debit card for this account as well. *Id.* Defendant similarly opened a bank account for Elder at a JP Morgan Chase branch using his information. *Id.*

Elder was not present when Defendant opened the bank accounts. *Id.* ¶ 8. All three bank accounts were personal checking accounts in Defendant's name but controlled by Elder. *Id.* Defendant never received calls from any of these banks regarding suspicious activity or any other issues pertaining to the accounts. *Id.*

On an unspecified date, Elder called Defendant and stated that he no longer needed the bank accounts. *Id.* Elder told Defendant to withdraw $500.00 from the JP Morgan bank account and then closed all three accounts. *Id.*; Addendum to the PSR ("PSR Add.") at 1. Defendant withdrew the money, provided it to Elder and closed all three accounts in approximately 2015. *Id.*

Later, Defendant felt that Elder had taken advantage of him when he realized that the debit cards connected to the accounts were being used for expenses unrelated to any businesses. *Id.* ¶ 9. In retaliation, Defendant frequented Elder's lounge and stole cash and cigarettes from Elder. *Id.* When Elder learned of this, Defendant received threatening text messages and phone calls on Elder's behalf. *Id.* Additionally, as stipulated in Defendant's plea agreement, Defendant later discovered that another individual had provided information about him to the Government, and in response, Defendant posted on his Facebook account "snitches get stitches" as a general threat. *Id.* Defendant stated that he posted this in part because the individual had provided information about him to the Government and in part for reasons unrelated to this case. PSR Add. at 1.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. More generally, the Court's sentence sends a message that with crime comes punishment.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment, charging him with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1349 and 1344. Defendant faces a maximum term of imprisonment of 30 years. *See* 18 U.S.C. §§ 1349 and 1344. Defendant also faces a maximum term of supervised release of five years, *id*. § 3583; a maximum fine of $1,000,000.00, *id*. § 3571(b); mandatory restitution in the full amount of each victim's losses as determined by the Court, *see id.* §§ 3663A, 3664; and a special assessment of $100.00, *id*. § 3013. Defendant is statutorily ineligible for probation. *Id*. § 3561(c)(1).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the

sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

The guideline for a violation of 18 U.S.C. § 1349 is USSG §2X1.1. Pursuant to §2X1.1(a), 2B1.1 is referenced when determining the offense level in this case since the substantive offense is bank fraud. Since the statutory maximum term of imprisonment is more than 20 years, the base offense level is 7. USSG §§ 2X1.1(a) and 2B1.1(a)(1). Because Defendant is accountable for more than $15,000.00 in loss but less than $40,000.00, 4 levels are added. USSG §2B1.1(b)(1)(C). Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). Thus, Defendant's total offense level is 9. All parties agree with this calculation. Defendant's criminal history score is 0. PSR ¶ 28. This establishes a criminal history category of I. *Id.*

An adjusted offense level of 9, with a criminal history category of I yields a guidelines imprisonment range of 4 months to 10 months. Alternatively, the guidelines allow for a split sentence of 1 month custody followed by 3 months of community confinement or home detention.

Probation recommends a sentence of time served to be followed by 2 years of supervised release with special conditions. The Government recommends 10 months of imprisonment. Defense counsel recommends a sentence of time served to be followed by 2 years of supervised release with special conditions.

E. **Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not pertinent to

Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant is one of seven defendants in this case, and the Court will craft a unique sentence for each defendant. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor, requiring the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is applicable in Defendant's case, *see id*. § 3663. Since the instant offense occurred after April 24, 1996, restitution is mandatory pursuant to 18 U.S.C. § 3663A and Guideline § 5E1.1(a)(1). Restitution is owed in the amount of $19,000.00.

## CONCLUSION

A sentence of 10 months of incarceration, to be followed by 2 years of supervised release with special conditions, restitution in the amount of $19,000.00, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, and all addenda barring any errors contained therein.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2021
       Brooklyn, New York